ANA MARÍA SUGAR CO., Petitioner, v. TAX COURT OF PUERTO RICO, Respondent; RAFAEL BUSCAGLIA, TREASURER, Intervener.

No. 201. Argued February 11, 1949.—Decided April 27, 1949.

*J. Alemañy Sosa* for petitioner. *Vicente Géigel Polanco, Attorney General (Luis Negrón Fernández), former Attorney General,* on the brief) and *J. B. Fernández Badillo, Assistant Attorney General,* for intervener respondent in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

We issued the writ in this case to review a decision of the Tax Court construing the scope of § 28 (a) and 34 (a), (b) and (c) of the Income Tax Act, as amended by Act No. 88 of May 8, 1945.

The petitioner paid its income tax for the year ending in June 30, 1946. In April 1947 it asked the Treasurer of Puerto Rico to return the amount of $155.29 alleging that it had unduly paid that amount in excess of the proper tax for said year because in computing the normal tax it had not considered the credit of 5 per cent on the net income allowed by § 34 (c) of the Act. The Treasurer refused the refund sought and the petitioner appealed to the Tax Court where the issue was confined to purely a question of law, that is, whether under the Sections of the aforesaid Act corporations are entitled to deduct from their net income a 5 per cent credit in computing the *normal* tax. The Tax Court dismissed the complaint thereby accepting the determination of the Treasurer.

Sections 28 and 34 of the Income Tax Act, as amended by Act No. 88 of May 8, 1945, in their pertinent part, provide:

"Section 28 (a).—There shall be levied, collected and paid for each taxable year on the net income of every corporation or partnership a *normal* tax of twenty-two (22) per cent on the net income in excess of the credit providad for in Section 34 (a), except that domestic corporations and partnerships shall pay a normal tax of twenty (20) per cent.

"(b).—In addition to the normal tax levied by subdivision (a) of this section, and by Sections 41 and 44 of this Act, there shall be levied, collected, and paid for each taxable year upon the net income of every corporation or partnership, resulting after deducting the credits provided for in Section 34 (a), (b) and (c), and in the net income of every life insurance corporation or insurance company resulting after deducting the credits provided for in Section 34 (b) and (c), a *surtax* as follows:

". . . [They are enumerated.]

"Section 34.—For the purpose of the tax imposed by Section 28 there shall only be allowed the following credits:

"(a) The amount received as interest upon obligations of the United States which has been included in gross income under Section 31.

"(b) The sum to which amounts the normal tax levied on corporations, partnerships, life insurance companies, or insur-

ance companies, in accordance with sections 28(a), 41 and 44 of this Act, but this credit shall only be granted for the purposes of the tax levied by section 28(b)..

"(c) Five (5) per cent on the net income, as defined by the law, of every corporation, partnership, or life insurance company or insurance company." (Italics ours.)

By paragraphs (a) and (b) of § 28, *supra*, a normal tax and a surtax are levied on every corporation and partnership. Paragraph (a), in levying the normal tax, grants only one credit, that is, the one provided for in § 34(a). Paragraph (b), in levying the surtax, grants the three credits as provided for in § 34(a), (b) and (c).

Notwithstanding this, the petitioner maintains that in computing its normal tax, it is entitled to the credit provided by § 34(c), inasmuch as § 34(b) provides that the credit granted therein shall only be for the purposes of the surtax levied by § 28(b) and that, therefore, applying the maxim *expressio unius est exclusio alterius*, the credits provided for in § 34(a) and (c) should be computed in levying the *normal* tax. We do not agree. Why should said maxim be applied to § 34(b) and not to 28 (a) and (b)? If this latter Section clearly specifies the credits that shall be allowed for levying the normal tax and the surtax why should we make § 34(b) prevail over the provisions of § 28(a) and (b)?

We should not and can not construe these Sections separately. We should harmonize any contradiction in their provisions, so as to enforce the true aim of the Legislature. In our opinion the last phrase of § 34(b) to the effect that "but this credit shall only be granted for the purposes of the tax levied by § 28(b)", constitutes a mere surplusage, for if § 28(b) expressly provides that the surtax shall be computed after deducting the credits enumerated in § 34(a), (b) and (c), there was no need to repeat in § 34(b) that the credit therein mentioned was only granted in connection with the surtax levied by § 28(b). After eliminating this surplusage from § 34(b), it is easy to construe the scope of §§ 28 and 34. Section 28(a) levies a normal tax with

its only credit, namely, the one provided for in § 34 (a). Section 28 (b) levies a surtax with its credits, namely, those provided for in § 34 (a), (b) and (c). Having thus harmonized these Sections, no conflict arises between them. To construe them as petitioner proposes is to give preference and validity to § 34 (b) alone and to disregard the provisions of § 28 (a) and (b).

Any grammatical error in the language of these Sections in earlier legislation was clearly cured by their amendments in Act No. 88 of 1945.

The decision appealed from will be affirmed.

Mr. Chief Justice De Jesús and Mr. Justice Negrón Fernández did not participate herein.